**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

JACOB LANDY HOSTETLER, )
)
    Plaintiff, )
)
v. )     Case No. CIV-15-358-M
)
CAROLYN W. COLVIN, Acting )
Commissioner of the Social Security )
Administration, )
)
    Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff, Jacob Landy Hostetler, seeks judicial review of the Social Security Administration's denial of his application for disability insurance benefits (DIB). United States District Judge Vicki Miles-LaGrange has referred this matter for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the Commissioner's decision be affirmed.

**I.    Procedural Background**

Plaintiff filed his application for DIB on July 21, 2009, alleging a disability onset date of October 1, 2008.[1] The Social Security Administration denied the application initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. *See* Administrative Record (AR) [Doc. No. 13-2]. The Appeals Council denied Plaintiff's request for review, and this appeal followed.

**II.    The ALJ's Decision**

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential

---

[1] At the hearing, Plaintiff amended his onset date to February 1, 2012.

evaluations process); *see also* 20 C.F.R. § 404.1520. The ALJ first determined Plaintiff had not engaged in substantial gainful activity since February 1, 2012, the amended onset date of the alleged disability. AR 15. At step two, the ALJ determined Plaintiff has the following severe impairments: ankle injury and subsequent fusion; obesity; post-traumatic stress disorder; adjustment disorder with depressed and anxious mood; and history of substance abuse, now in remission. *Id.* At step three, the ALJ found none of Plaintiff's impairments meets or medically equals any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 17.

> The ALJ next determined Plaintiff's residual functional capacity (RFC):
>
> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that he can crouch, kneel, balance, crawl, stoop, and climb ramps, ropes, and scaffolds only occasionally. He must use a cane for ambulation. He is able to understand, remember, and carry out simple instructions with regular supervision. He cannot interact with the public. He can interact with coworkers and supervisors only on a superficial workplace basis. He has moderate limitation in accepting criticism and change.

AR. 20. At step four, the ALJ concluded Plaintiff is able to perform his past relevant work as a shuttle driver. AR 22.

Based on the testimony of a vocational expert (VE), the ALJ found at step five of the sequential evaluation that Plaintiff can perform other jobs in the national economy including addresser, jewelry assembler and grinding machine operator. AR 23.

### III. Plaintiff's Claims

Plaintiff challenges the ALJ's RFC formulation based on alleged "vague and undefined parameters," incomplete recital of functional limitations, and lack of a narrative discussion. [Doc. No. 19] at 13. Plaintiff also contends he was not given a "full and fair opportunity to

present his case," and the ALJ failed to properly weigh the medical opinion of the government's own examining psychologist, Dr. Julie Wallace, Ph.D. *Id.*

## IV. <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted).

A decision is not based on substantial evidence if other evidence in the record overwhelms the evidence upon which the ALJ relied, or if there is a mere scintilla of evidence supporting the decision. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

V.   **Analysis**

   A.   **The ALJ's RFC**

Plaintiff challenges the ALJ's RFC determination on three grounds: that it included "vague and undefined parameters," that it did not address all functional limitations, and that it was not well supported by the narrative discussion in the decision.

The ALJ found Plaintiff to have "moderate limitation in accepting criticism and change" and included the limitation in the RFC. AR 20. Plaintiff contends, without citation to any case, rule, regulation or other authority, that the term "moderate" is vague and does not sufficiently describe functional limitations. But Plaintiff acknowledges that terms such as "moderate" and "marked" are routinely used to determine functional limitations resulting from a mental impairment. [Doc. No. 19] at 14-15. Moreover, the Commissioner cites two Tenth Circuit cases in which the Court affirmed ALJ decisions that included the term "moderate" in the RFC to describe mental limitations. [Doc. No. 25] at 5. *See Best-Willie v. Colvin*, 514 Fed. App'x 728, 737, (10th Cir. 2013) (unpublished); *DeFalco-Miller v. Colvin*, 520 Fed. App'x. 741, 744 (10th Cir. 2013). Finally, the VE specifically mentioned the "moderate limitation in accepting criticism and change" and identified sedentary unskilled jobs Plaintiff could perform despite this limitation. AR 43. The ALJ's decision should not be reversed on this ground.

Plaintiff also contends the ALJ erred in failing to include in the RFC Plaintiff's alleged need for unscheduled breaks. Plaintiff testified that, because of his insomnia, he experienced daytime drowsiness and needed to take a nap during the day. AR 29. He also reported difficulty sleeping to the consultative psychological examiner, Dr. Julie S. Wallace, Ph.D., who referenced Plaintiff's insomnia in her Mental Diagnostic Evaluation. AR 1139-1143. But an ALJ is required to include alleged functional limitations in the RFC only to the extent he or she finds

them to be credible and supported by the evidence. *See Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995) (ALJ not required to accept answer to a hypothetical question that included limitations claimed by plaintiff but not accepted by the ALJ as supported by the record). The ALJ specifically found Plaintiff's subjective complaints only partially credible, "as he seems to embellish some of his problems." AR 19-20. Plaintiff does not challenge the ALJ's credibility findings and has waived any argument based on those findings. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (appellate court will discuss and review only adequately briefed issues).

Plaintiff's last challenge to the ALJ's RFC determination is based on the alleged deficiency in the ALJ's "narrative discussion" of the RFC and the evidence on which it was based. [Doc. No. 19] at 16. Social Security Ruling 96-8p requires a narrative discussion. (RFC determination must include narrative discussion describing how the evidence supports each conclusion, citing to medical and nonmedical evidence). In this case, the ALJ thoroughly discussed all the medical evidence as well as the Plaintiff's testimony and that of the VE. The narrative included in the ALJ's decision is sufficient to satisfy the requirements of SSR 96-8p. The ALJ discussed the results of the two consultative examinations and conclusions from VA medical records. AR 16. He properly analyzed Plaintiff's obesity and determined it did not increase the severity of any of Plaintiff's impairments. The ALJ considered the VA disability rating for post traumatic stress disorder and correctly noted that the determination is not binding in a social security disability case. AR 18. Additionally, the ALJ noted that the medical record does not support some of Plaintiff's alleged symptoms, such as night terrors and hallucinations. *Id. See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (finding ALJ's narrative statement to be proper and supported by substantial evidence).

In sum, the ALJ's RFC determination was sufficiently clear, included all limitations the ALJ found to be supported by the record, and was supported by a thorough narrative statement.

B.     **Fundamental Fairness of the ALJ's Unfavorable Decision**

Plaintiff describes his second assignment of error to be about "fundamental fairness in a general way." [Doc. No. 19] at 18. Plaintiff contends that an exchange between the ALJ and his counsel about the possibility of amending his alleged onset date led Plaintiff and his counsel to believe that amending the alleged onset date would assure a favorable decision. [Doc. No. 19] at 17. *See* AR 36-38. Plaintiff agreed to amend the alleged onset date, and his counsel did not ask Plaintiff any questions because he believed a favorable decision would follow. The ALJ then called the VE to testify and asked her several hypothetical questions. Plaintiff's counsel, too, asked the VE hypothetical questions that included greater limitations than those posed by the ALJ.

Plaintiff and his counsel do not suggest that the ALJ purposely deceived them. Nevertheless, Plaintiff seeks a remand to the ALJ for a supplemental hearing. [Doc. No. 19] at 18. But Plaintiff does not state what further questions counsel would have asked or how the answers to those questions would have led to relevant evidence not already in the administrative record. Plaintiff's argument necessarily presupposes that a logical link exists between an amended onset date and a favorable decision—a link that would prompt counsel to ask a question of the ALJ that borders on impropriety. But if such a link exists, Plaintiff has not explained it to this Court. Plaintiff's fundamental fairness argument does not persuade this Court that remand is warranted on this ground.

### C. Weight Given to Medical Opinion of the Examining Psychologist

Plaintiff's final assignment of error is that the ALJ should have afforded the findings of the examining psychological consultant greater weight than the opinions offered by state agency, non-examining consultants. The ALJ summarized Dr. Wallace's report including Plaintiff's subjective complaints of insomnia, night "tremors,"[2] severe migraine headaches, hallucinations, hypervigilance, flashbacks, and problems being around large groups of people. AR 16. Dr. Wallace concluded Plaintiff's memory problems were the direct result of his post-traumatic stress disorder rather than a cognitive disorder. AR 17; 1142.

But Dr. Wallace stated at the outset of her report that she was basing her opinion primarily on Plaintiff's information with "no attempts made to verify reports." AR 1139. She did state, however, that she considered him to be a "mostly reliable source of information." In her mental status report, Dr. Wallace noted Plaintiff is fluent in English, Czech and French and "very articulate." AR 1141. His thought processes were "relevant, logical, well-connected and goal directed" with no signs of "circumstantial tangential, or other peculiar thought processes." In short, she described his thought processes as "normal." *Id.* On the other hand, Dr. Wallace stated, "he is likely to be extremely inconsistent in work-related behaviors because of the ongoing perceptual abnormalities that frighten him and make him likely to react in disproportionate ways." AR 1142.

The ALJ did not explicitly state what weight he was affording Dr. Wallace's opinion. But in his discussion of the opinions offered by state agency examiners, the ALJ clarifies why he gave those opinions "great weight" rather than the opinion of Dr. Wallace:

> The Administrative Law Judge has considered all of the evidence of record and concurs with the findings of the State agency psychologists at the earlier

---

[2] The ALJ likely was referring to "night terrors."

> determination levels. The claimant's allegations to the mental consultative examiner that he has hallucinations (visual and auditory) are not noted in any recent VA treating notes and records. It is not possible to completely resolve this discrepancy, but it does cast doubt on the credibility of this symptom allegation since the mental consultative examiner did not witness any of these symptoms. The claimant rides public transportation to VA appointments even though he alleged that he has to go to stores late at night and stay on the edge of the store for safety because of his hypervigilance; thus, this allegation is not fully credible.

AR 19. Here, the ALJ's reasoning regarding the weight given to the consultative examiner's opinion is logical and understandable. Thus, this issue does not warrant reversal. *See Davis v. Erdmann*, 607 F.2d 917, 919 n. 1 (10th Cir. 1979) ("While we may not supply a reasoned basis for the agency's action that the agency itself has not given … we will uphold a decision of less than ideal clarity if the agency's path may reasonable be discerned." ) (citations omitted).

## RECOMMENDATION

In sum, the Commissioner's final decision should be affirmed. The RFC is defined in sufficiently clear terms, includes all impairments found by the ALJ, and includes an adequate narrative statement. Plaintiff's claim that his administrative hearing was not fundamentally fair is without merit. Finally, the ALJ's weighing of the various medical opinions is supported by substantial evidence.

The decision of the ALJ should be affirmed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by August 29, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 15th day of August 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE